**BI ZHUAN CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 07–5440–ag.**

United States Court of Appeals, Second Circuit.

July 7, 2009.

P. Scott Dufault, New York, New York, for petitioner.

Gregory G. Katsas, Assistant Attorney General; Allen Hausman, Senior Litigation Counsel; Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

**SUMMARY ORDER**

Petitioner Bi Zhuan Chen, a native and citizen of the People's Republic of China, seeks review of a November 7, 2007 order of the BIA denying his motion to reopen. *In re Bi Zhuan Chen,* No. A070 702 957 (B.I.A. Nov. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Chen's untimely motion to reopen.

■ Chen argues that the agency erred in finding that he failed to demonstrate either changed country conditions excusing the untimeliness of his motion to reopen or his *prima facie* eligibility for relief. However, these arguments fail where we have previously reviewed the BIA's consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to Chen's argument, the BIA did not err in finding that a Village Committee letter failed to demonstrate material changed country conditions where the letter did not indicate that Chen would be forcibly sterilized or face any other consequences if he did not voluntarily submit to sterilization. *See Jian Hui Shao,* 546 F.3d at 172 (finding no error in the BIA's determination that evidence referencing the family planning policy's mandatory sterilization requirement does not indicate that sterilization will be performed by force).

■ Chen waives any challenge to the BIA's finding that he was not eligible to file a successive asylum application based on his changed personal circumstances. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).